### WARSHAWSKY v. GRAND THEATRE CO.

(Supreme Court, Appellate Term. June 27, 1905.)

BILLS AND NOTES—CONSIDERATION—COMPROMISED CLAIM.

> An agreement between a corporation and a retiring stockholder compromising the stockholder's demand for special services rendered as an officer of the corporation is a good consideration for a note given by the corporation to the stockholder for the amount of the demand as compromised.

> [Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, §§ 202, 205.]

> Scott, P. J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Samuel Warshawsky against the Grand Theatre Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

Alexander Rosenthal, for appellant.
Henry M. Flateau, for respondent.

MacLEAN, J. One Fishel was a stockholder and director in the Grand Theatre Company, of which company all other stockholders were actors. The corporation had no by-laws. At a meeting of all the directors at the end of the season of 1903, Fishel was told that it was considered not advantageous to the company to have connected with it a person not an actor, and that it was desirable for the benefit of the company that he should sell his stock. Fishel objected, and said then he should be paid $1,500 for the special services he had rendered as treasurer. This compensation was cut down to $500, payable in the company's note due in November, 1904, when the company would be in funds. Nothing shows that the treasurer was to work for nothing. The directors, of all persons, should know about that. Admitting that something was due, they compromised the demand and settled the compensation at one-third. That was a good consideration for the note, which is contested apparently only by a person who came into the corporation later on by buying all the stock. It is not contradicted that the plaintiff acquired the note by paying for it in cash before maturity.

Judgment affirmed, with costs.

DUGRO, J., concurs.

SCOTT, P. J. (dissenting). In June, 1903, one Jacob Fishel was a stockholder of the defendant corporation, and had been until very

recently the treasurer and a director. The plaintiff was bookkeeper for defendant under the direction of Jacob Fishel, the treasurer, with whom he had intimate business relations outside of the business of the theater. Mr. Fishel was not an actor, and the other stockholders were of opinion that the stock should be wholly owned by actors, one of whom, named Adler, was even then negotiating to purchase the stock of the corporation. Mr. Fishel was therefore requested to consent to sell his stock, which he finally agreed to do at par. He insisted, however, as the sole condition on which he would sell, that the corporation should pay him a sum of money for the services he had rendered in the past as treasurer. Accordingly the note in suit was made out and signed by the president and assistant treasurer. There was no formal meeting of the board of directors, and no vote or resolution was adopted authorizing the execution of the note. The sole consideration claimed for it and upon which it was exacted was that it was in payment of services previously rendered by Fishel, although there had never been any agreement to compensate him, nor any salary fixed for his office. In fact, the by-laws under which the company operated expressly provided that no officer was to receive any salary. There is no pretense that the sum represented by the note was part of the purchase price of the stock. It is clear that there was no consideration for the note, that it was void at its very inception, and that Fishel could not have recovered a judgment upon it. Met. El. R. Co. v. Kneeland, 120 N. Y. 134, 24 N. E. 381, 8 L. R. A. 253, 17 Am. St. Rep. 619. Is the present plaintiff in any better position? We think not. The rule is well settled that one who receives from an officer of a corporation the notes or securities of such corporation in payment of or as security for a personal debt of such officer does so at his peril. Prima facie the act is unlawful, and, unless actually authorized, the purchaser will be deemed to have taken with notice of the rights of the corporation. Wilson v. Met. El. R. Co., 120 N. Y. 145, 24 N. E. 384, 17 Am. St. Rep. 625; R. & C. T. R. Co. v. Paviour, 164 N. Y. 281, 58 N. E. 114, 52 L. R. A. 790. There is no doubt that the plaintiff knew of Fishel's relationship to the corporation, and from his position as bookkeeper he must also have known that the books showed no indebtedness from the corporation to Fishel, and, if he had made proper inquiry, he could easily have ascertained that the note which he purchased had never been authorized by the board of directors. He is therefore chargeable with notice of the initial infirmity of the note, and can no more recover upon it than could Fishel have done if he had been plaintiff.

Judgment should be reversed, and new trial granted, with costs to appellant to abide the event.